Carlos Alfonso ORTIZ–RAYGOZA, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–72955.

Agency No. A72–681–220.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.**

Decided July 2, 2004.

* Because the Immigration and Naturalization Service no longer exists as a separate agency and this appeal challenges a decision issued by a component of the Department of Justice, we substitute the Attorney General for the Immigration and Naturalization Service.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., John S. Hogan, U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, SILVERMAN and BYBEE, Circuit Judges.

### MEMORANDUM***

Substantial evidence supports the IJ's determination that Ortiz–Raygoza did not bear his burden of demonstrating eligibility for asylum—that he was unable or unwilling to return to Mexico "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir. 2003) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Ortiz–Raygoza testified that his father was severely beaten by Judicial Police in 1983 for transporting a number of individuals to a PAN political rally. Ortiz–Raygoza claimed that his father eventually died from these injuries, and that his mother lodged a formal complaint against the police, which was somewhat successful because several officers were forced to relocate. Years later, however, the officers allegedly returned to the town and harassed Ortiz–Raygoza's family regarding the complaint. Ortiz–Raygoza testified that he was severely beaten on one occasion, requiring several stitches to his head, and leading to his decision to leave the country.

The IJ concluded that, based on inconsistencies in Ortiz–Raygoza's case, he had not carried his burden of proof. The principal inconsistency was between Ortiz–Raygoza's father's death certificate (listing pancreatic cancer as the cause of death) and Ortiz–Raygoza's testimony (stating that his father died after being beaten by the police for his political views). The IJ found that this and other inconsistencies "cast[ ] doubt on what exactly happened to the respondent in the 1980's or at least who did what to whom and why," and therefore concluded that Ortiz had not proved himself eligible for asylum. Because the record does not compel a contrary conclusion, we affirm the IJ's decision. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.